## Commonwealth v. Myers

*William S. Morrow,* District Attorney, for Commonwealth.

*Charles W. Kugler*, for defendant.

TROUTMAN, J., May 2, 1952.—This is a waiver of summary hearing on a prosecution brought by a member of the Pennsylvania State Police against Kenneth E. Myers, for reckless driving which alleges:

"That at Greenwood Twp., in the County of Perry, on the 8th day of July, A. D. 1951, Kenneth E. Myers, Defendant, above named, did at or about the hour of 12:15 A. M., EST, unlawfully operate a 1937 Chevrolet Sdn. bearing 1951 Pennsylvania Registration Number 0465 D on a Public Highway known as Rt. 17 in the above named Township and County in the Commonwealth of Pennsylvania. In that; the above named defendant did then and there operate said Vehicle in a manner that was carelessly and wilfully or wantonly disregarding the rights and safety of others, or in a manner so as to endanger any person or property. All this in violation of Sub-section 'A', Section 1001, Article X, Act 403 and its further amendments."

On July 8, 1951, at about 12:15 a.m., the prosecutor, accompanied by another officer, observed defendant operating a 1937 Chevrolet sedan in the Borough of Millerstown at what the officers thought was a high rate of speed. The officer was operating a 1950 Ford sedan. Defendant, who was traveling southward on Route 22, turned left or eastward at the square in Millerstown Borough toward Liverpool on Route 17. The officers followed. The borough limits extend out Route 17 approximately one mile, although the residential area extends but a small part of this distance. No offense is alleged to have occurred within the limits of Millerstown Borough. After leaving the Borough of Millerstown, defendant, aware that a car was following him, began to accelerate his speed. The officers followed him on Route 17, a distance of several miles,

or less, when defendant turned left on Legislative Route 50019, a winding road which leads along the Cocolamus Creek, to his home in Greenwood Township, Juniata County. The officers pursued defendant to a point near his home where he drove his car back of a barn, turned off his lights and crawled under the dashboard of his car, where the officers found him. The officers asked him what his hurry was and defendant, who is a high school student, told them that he thought it was a gang of fellows who were following him and trying to beat him up; that they had tried it once before. The officer testified that they followed defendant for a total distance of about seven miles. About one mile of this distance is within the limits of Millerstown Borough, about two miles on Route 17 in Greenwood Township, Perry County, about two miles on Legislative Route 50019 in Greenwood Township, Perry County, and the remaining two miles on Legislative Route 34009 in Greenwood Township, Juniata County.

In determining the guilt or innocence of defendant, under the language of the information, we are confined to a determination as to whether defendant was guilty of reckless driving on a "Public Highway known as Rt. 17" in Greenwood Township, Perry County. This is a straight stretch of road not exceeding two miles in length extending from the corporate limits of Millerstown Borough to the point where defendant turned left on Route 50019. On this stretch of road it is alleged that defendant made an improper pass on the crest of a grade and that he was exceeding the maximum speed limit. Confining the allegations of the information to the proof offered in support thereof, we must find defendant not guilty. The officer alleges that defendant passed a vehicle on Route 17 going in the same direction on the crest of the grade where de-

fendant could not see the required distance ahead. Defendant testified he was over the crest and could see a much greater distance than 500 feet ahead. Only one officer testified. In any event the alleged speed and improper pass are constituent offenses under The Vehicle Code of May 1, 1929, P. L. 905, and should have been prosecuted under the proper and pertinent section. Where a specific section of the code deals with a specific offense proceedings pertaining to that offense should be taken under that section and not under any general section. See Commonwealth v. Frisco, 67 D. & C. 51, and cases therein cited. Defendant is therefore found not guilty.

While we have confined our disposition of the case to the proof of defendant's operation of his motor vehicle on Route 17 in Greenwood Township, Perry County, the officer was permitted to testify as to the manner of defendant's operation of his motor vehicle covering the entire seven miles. We are constrained to say that if the manner of defendant's operation for the entire distance of seven miles were before the court, the court still would find defendant not guilty of reckless driving. Only three cars were passed in this distance, one on Route 17 hereinabove referred to, and two at the intersection of Route 17 with Route 50019. The officer testified that defendant gave each of these cars one half of the road, but was exceeding the speed limit. No cars were passed on Routes 50019 and 34009, the winding road leading to defendant's home. It was on this stretch of road that the officers tried to apprehend defendant, but were unable to do so because they were unable to overtake him. The officers may have proceeded upon the theory that "the guilty flee when no man pursueth", but defendant was being followed and pursued on a lonely road after midnight by a car of unknown identity which caused his

state of alarm and apprehension. The officer testified that at times he blew his siren, but there is no testimony defendant heard it, or should have heard it. The officers evidently believed defendant when he said he thought he was in danger of bodily harm because had defendant known or believed, or had reasonable cause to know or believe, that officers of the law were trying to apprehend him, he should have been arrested under section 620(g) of the code, which makes it a misdemeanor to turn off the lights of a motor vehicle for the purpose of avoiding arrest. The prosecutor brought no such charge. Defendant may have failed to use good judgment but we believe he was using his best judgment.

We believe the section of the code creating and defining reckless driving requires some degree of "intent" on the part of defendant operator. To hold otherwise would render the words "wilfully or wantonly" meaningless. We do not mean to say that the Commonwealth must go so far as to prove a "specific" intent to operate recklessly. The wilful or wanton intent in the operation of a motor vehicle may in a proper case be inferred from proof of the recklessness of the acts themselves. But in this case any such intent is negatived by defendant's explanation of the reason for such operation and the officers' legal acceptance of such explanation. See Commonwealth v. Kemp, 72 D. & C. 141, 143; Commonwealth v. Albert, 68 D. & C. 276. Had defendant been arrested for speeding, improper passing, or some other kindred offense, intent would not have been material.

### Decree

And, now, May 2, 1952, after due hearing defendant is adjudged not guilty, the County of Perry to pay the costs.